**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| DANNY FORTUNA, | |
| Appellant/Debtor, | CIVIL ACTION NO. 3:25-CV-1506 |
| v. | (SAPORITO, J.) |
| JACK N. ZAHAROPOULOS, | |
| Appellee/Trustee. | |

**ORDER**

Presently before the Court is an appeal by Danny Fortuna ("the Debtor") from the denial of his proposed Chapter 13 Plan ("Second Amended Plan") by the United States Bankruptcy Court for the Middle District of Pennsylvania. However, we need not undergo a significant analysis concerning the substantive nature of the Debtor's appeal. The District Court retains jurisdiction to review appeals from final orders of the bankruptcy court. 28 U.S.C. § 158(a)(1). But the Supreme Court has held that a bankruptcy court's order denying confirmation of a proposed repayment plan with leave to amend is not a "final" order that the debtor can immediately appeal.[1] *Bullard v. Blue Hills Bank*, 575 U.S. 496, 499

[1] It is undisputed that the bankruptcy court granted the Debtor leave to amend to file a Third Amended Chapter 13 Plan. *See* (Doc. 3-16).

(2015). Therefore, the Debtor's appeal is a non-final, interlocutory order that must be brought under 28 U.S.C. § 158(a)(3). *See* 28 U.S.C. § 158(a)(3) ("The district courts of the United States shall have jurisdiction to hear appeals with leave of the court, from other interlocutory orders and decrees."). Under Rule 8004 of the Federal Rules of Bankruptcy Procedure, "to appeal under 28 U.S.C. § 158(a)(3) from a bankruptcy court's interlocutory order or decree, a party must file with the bankruptcy clerk a notice of appeal … [and] [t]he notice must be accompanied by a motion for leave to appeal." Fed. R. Bankr. P. 8004(a)(2). Upon review of the record, however, the Debtor has not sought leave of court to file an interlocutory appeal either in the bankruptcy court or before this court as required under 28 U.S.C. § 158(a)(3) and Rule 8004 of the Federal Rules of Bankruptcy Procedure.

However, Rule 8004(d)(1) of the Federal Rules of Bankruptcy Procedure additionally states that "[i]f an appellant files a timely notice of appeal … but fails to include a motion for leave to appeal, the district court may treat the notice of appeal as a motion for leave to appeal and grant or deny it." Fed. R. Bankr. P. 8004(a)(2). Because the Debtor timely filed a notice of appeal regarding the bankruptcy court's denial of the

Debtor's Second Amended Plan, we may consider the notice of appeal as a motion for leave to appeal. We will do so here. But in these circumstances, the Third Circuit has "imported the criteria of 28 U.S.C. § 1292(b)—the statutory provision governing appeals of interlocutory orders from district courts—to determine whether to accept an appeal from an interlocutory order of a bankruptcy court." *Patrick v. Dell Fin. Servs.*, 366 B.R. 378, 385 (M.D. Pa. 2007). Under this test, an interlocutory appeal should only be allowed if: "(1) a controlling question of law is involved; (2) the question is one where there is a substantial ground for difference of opinion; and (3) an immediate appeal would materially advance the ultimate termination of litigation." *Id.* (quoting *EDP Med. Computer Sys. Inc.* v. *United States (In re EDP Med. Computer Sys., Inc.*), 178 B.R. 57, 60 (M.D. Pa. 1995)). Here, the Debtor has not addressed the necessary factors which must be established before the court, in an exercise of discretion, may permit appeals from such interlocutory orders. We will therefore exercise our discretion and deny the Debtor's motion for leave to appeal.

Accordingly, **IT IS HEREBY ORDERED THAT**:

1. The Debtor's motion for leave to appeal (Doc. 1), as converted from his notice of appeal, is **DENIED**; and

2. The Clerk of Court shall close this case.

Dated: September 28, 2026

***s/Joseph F. Saporito, Jr.***
JOSEPH F. SAPORITO, JR.
United States District Judge